UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| FRANK IRESON, | Case No. 2:17-CV-987 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| AVI CASINO ENTERPRISES, INC., | |
| Defendant(s). | |

Presently before the court is defendant AVI Casino Enterprises, Inc., doing business as AVI Resort & Casino's ("AVI") motion to dismiss for lack of jurisdiction. (ECF No. 8). Plaintiff Frank Ireson ("Ireson") filed a response (ECF No. 11), to which defendant replied (ECF No. 16).

**I.    Facts**

The instant action concerns a slip-and-fall incident in a Fort Mojave Tribe casino. (ECF No. 1).

On April 8, 2015, AVI's property was undergoing renovations. (ECF No. 1). As a result of those renovations, and AVI's alleged negligence, Ireson tripped on a piece of metal about two to three inches long sticking out of the floor. (ECF No. 11 at 2). "There were no physical barriers or warning signs present in the area" when Ireson was walking to indicate the hazardous condition. (ECF No. 11 at 2). As a result of fall, Ireson slammed against the concrete floor, allegedly sustaining "significant and substantial injuries upon his person requiring immediate medical care." (ECF No. 1 at 2–3). Ireson required an ambulance to take him to the hospital. (ECF No. 1 at 3).

On June 29, 2015, Ireson's counsel sent a letter advising AVI of Ireson's claim, to which there was no reply. (ECF No. 11 at 3). On December 16, 2016, a demand for settlement was sent

**James C. Mahan**
**U.S. District Judge**

to AVI, at which time Ireson received a response asserting he failed to comply with the Fort Mojave Indian Tribal Tort Claims Ordinance. (ECF No. 11 at 3).

The instant action for negligence was filed on April 6, 2017. (ECF No. 1).

In the instant motion, AVI asserts sovereign immunity and moves to dismiss pursuant to Rule 12(b)(1). (ECF No. 8).

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2

(9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

## III. Discussion

AVI argues in its motion to dismiss that the casino "functions as an arm of the tribe and is protected by tribal sovereign immunity." (ECF No. 8 at 2). The court agrees.

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs.*, 523 U.S. 751, 754 (1998). If the casino benefits from sovereign immunity, then the motion to dismiss must be granted. *California ex rel. Cal. Dep't of Fish & Game v. Quechan Tribe of Indians*, 595 F.2d 1153, 1155 (9th Cir. 1979) ("Sovereign immunity involves a right which courts have no choice, in the absence of a waiver, but to recognize.").

"[T]he settled law of our circuit is that tribal corporations acting as an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself." *Cook v. AVI Casino Enters.*, 548 F.3d 718 (9th Cir. 2008). The Ninth Circuit has held that casinos benefit from a tribe's sovereign immunity considering "the purposes for which the [t]ribe founded this [c]asino and the [t]ribe's ownership and control of its operations." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1047 (9th Cir. 2006).

Here, AVI is a tribal corporation. AVI is a tribal corporation formed under tribal law, is wholly-owned and operated by the Fort Mojave Tribe, is governed by the tribal council, operates on tribal land, and its revenue is deposited into the tribal treasury. (ECF No. 8 at 4); *see also Cook*, 548 F.3d at 724 ("As a tribal corporation, [AVI] was organized under the laws of the Fort Mojave Tribe, which is a separate sovereign independent from state control."). In fact, the Ninth Circuit has confirmed its status as a tribal corporation that benefits from the tribe's sovereign immunity. *See Cook*, 548 F.3d at 725.

Ireson contends in his response to AVI's motion to dismiss that AVI's "sovereign immunity is not absolute under these facts" and that AVI has implicitly waived its sovereign immunity. (ECF No. 11 at 3). To support his argument, Ireson relies on the "sue and be sued" clause in the tribal enabling ordinance. (ECF No. 11 at 3). The court disagrees as "the cited ordinance was repealed and replaced." (ECF No. 16 at 5). Ireson never alleged a "sue or be sued" provision existed in the tribal enabling ordinance in his complaint and relies on the petition for writ of certiorari in *Cook* to argue that there is one despite the fact that Ireson "did not ask defense counsel or the Tribe's General Counsel to obtain a copy of the current enabling ordinance for tribal businesses." (ECF Nos. 11 at 3; 16 at 4–5, 5 n.1).

Further, Ireson contends that "when the [t]ribe fails to comply with its own requirements to provide the procedures, including all applicable time limits, and contact information to the patron or invitee . . . it should be deemed to waive immunity." (ECF No. 11 at 7). Citing to an Arizona gaming compact, Ireson argues that the tribe failed to comply with its own requirements by failing to provide Ireson with a "copy of the procedures as well as the name, address and telephone number of the [g]aming [f]acility [o]perator and the mailing address and telephone number of the clerk of the [t]ribal court." (ECF No. 11 at 6). The court disagrees.

"Any waiver of immunity is not to be lightly implied, but must be unequivocally expressed." *California ex rel. Cal. Dep't of Fish & Game* 595 F.2d at 1155. To prevail on his argument, Ireson must show "a 'clear declaration' that [the tribe] intends to submit itself to jurisdiction." *Cook*, 548 F.3d at 724 (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)).

The existence of a tribal procedure for the provision of tort remedies is, itself, evidence that the tribe has not waived sovereign immunity. Moreover, Ireson provides no legal basis for the argument that failure to give notice of those tort remedies is grounds for waiver of sovereign immunity. Finally, even if the court were inclined to accept either argument, Ireson has not established why a compact between the Fort Mojave Tribe and Arizona would apply to or otherwise influence AVI's casino in Nevada. (*See* ECF No. 16 at 5).

- 4 -

In light of the foregoing, AVI's motion to dismiss will be granted. Ireson's complaint will be dismissed without prejudice.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that AVI's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Ireson's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED July 10, 2017.

_____
UNITED STATES DISTRICT JUDGE